# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| TRENECE NICOLE JONES | § | |
| | § | |
| V. | § | A-17-CV-623 AWA |
| | § | |
| NANCY A. BERRYHILL, | § | |
| ACTING COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's Brief in Support of Claim (Dkt. No. 16) and Defendant's Brief in Support of the Commissioner's Decision (Dkt. No. 18). Also before the Court is the Social Security record filed in this case (Cited as "Tr.").

### I. General Background

Plaintiff Trenece Nicole Jones was born on May 25, 1974, making her 41 years old at the time of the ALJ's decision in this case. On October 17, 2013, Jones, who has a GED, filed an application for supplemental security income alleging disability beginning on January 1, 1996, due to seizures, migraine headaches, and various mental conditions. After her application was denied initially, and then again on reconsideration, Jones requested a hearing before an administrative law judge ("ALJ") which was held on December 17, 2015. After reviewing the evidence and testimony, the ALJ issued his decision finding that Jones was not disabled within the meaning of the Social Security Act. The Appeals Council denied Jones' request to review the ALJ's decision thereby making it the Commissioners's final decision for purposes of judicial review under 42 U.S.C. § 405(g).

On June 28, 2017, Jones filed the instant lawsuit under 42 U.S.C. § 405(g) requesting that the Court reverse the Commissioner's decision in this case. Specifically, Jones argues that the ALJ's finding that her mental impairment did not meet Listing 12.04 and/or 12.06 is erroneous.

## II. Legal Standards

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine if a claimant is disabled the Commissioner uses a five-step analysis:

1. a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are;

2. a claimant will not be found to be disabled unless he has a "severe impairment";

3. a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors;

4. a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and

5. if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work.

*Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *see also* 20 C.F.R. § 404.1520. A finding of disability or no disability at any step "is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). The claimant has the burden of proof for the first four steps; however, at step five, the burden initially shifts to the Commissioner to identify other work the applicant is capable of performing. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). If the Commissioner "fulfills his burden of pointing out potential alternative employment, the burden then

2

shifts back to the claimant to prove that he is unable to perform the alternate work." *Id.* (internal quotation marks omitted).

Judicial review of the Commissioner's final decision under the Social Security Act, 42 U.S.C. § 405(g), is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner applied the correct legal standards. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). Substantial evidence is more than a scintilla of evidence but less than a preponderance—in other words, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (internal quotation marks omitted). The Court considers "four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) [the claimant's] age, education, and work history." *Id.* at 174. However, a reviewing court "may not reweigh the evidence, try the issues *de novo*, or substitute [its] judgment for that of the [Commissioner]." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If the Court finds substantial evidence to support the decision, the Court must uphold the decision. *See Selders*, 914 F.2d at 617 ("If the . . . findings are supported by substantial evidence, they are conclusive and must be affirmed."); *see also* 42 U.S.C. § 405(g).

### III. The ALJ's Opinion

The ALJ employed the regulations' five-step sequential evaluation process to determine whether Jones was disabled. 20 C.F.R. § 404.1520(a). *See* Tr. 19-28. At the first step, the ALJ determined that Jones had not engaged in substantial gainful activity since October 17, 2013. At the second step, the ALJ found that Jones suffers from the severe impairments of affective disorders.

At step three, the ALJ found that, considered separately and in combination, Jones' impairments did not meet or medically equal the severity criteria for any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, and thus her impairments were not presumptively disabling. After considering the entire record, the ALJ determined that Jones:

> ...has the residual functional capacity to perform the full range of semi-skilled work (work which requires understanding, remembering, and carrying out some detailed skills, but does not require doing more complex work duties) where interpersonal contact with supervisors and coworkers is incidental to the work involved; she can attend and concentrate for extended periods . . . with normal work breaks; and she can handle occasional work place changes but should have only occasional contact with the public.

Tr. at 217.

At step four, the ALJ determined that Jones has no past relevant work. At step 5, the ALJ found that Jones had the residual functional capacity based on her age, education and work experience, to perform the unskilled jobs of laundry worker and inspector packer. Accordingly, the ALJ found that Jones was not disabled as defined in the Social Security Act.

## IV. Analysis

The sole issue Jones presents for review is whether the ALJ erred at Step 3 of his findings in determining that Jones' mental impairment did not meet or equal the criteria set forth in Listing 12.04 and/or 12.06 of the Social Security Administration's Listing of Impairments.

At Step 3 of the ALJ's analysis, the ALJ applies the Social Security Administration's Listing of Impairments, which "describes for each of the major body systems impairments that [the SSA] consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a). A claimant whose impairment (or combination of impairments) meets or equals the criteria of a Listing is disabled and

4

entitled to benefits. For that reason, the criteria in the Listings are "demanding and stringent." *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994). At step 3, the burden remains on the plaintiff to establish that her impairment or combination of impairments meets an impairment enumerated in the Listing. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

**A.     The Listings**

Listing 12.04 pertains to affective disorders and is "[c]haracterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome." See 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04. To meet Listing 12.04, the claimant must satisfy the requirements listed in both paragraphs A and B of the regulation, or paragraph C. *See id.* In this case, Jones contends that she has met paragraphs A and B of Listing 12.04. Paragraph A requires medical documentation of either depressive disorder or bipolar disorder:

    1. Depressive disorder, characterized by five or more of the following:

        a.    Depressed mood;
        b.    Diminished interest in almost all activities;
        c.    Appetite disturbance with change in weight;
        d.    Sleep disturbance;
        e.    Observable psychomotor agitation or retardation;
        f.    Decreased energy;
        g.    Feelings of guilt or worthlessness;
        h.    Difficulty concentrating or thinking; or
        i.    Thoughts of death or suicide.

    2. Bipolar disorder, characterized by three or more of the following:

        a.    Pressured speech;
        b.    Flight of ideas;
        c.    Inflated self-esteem;
        d.    Decreased need for sleep;
        e.    Distractibility;
        f.    Involvement in activities that have a high probability of painful consequences that are not recognized; or

    g.  Increase in goal-directed activity or psychomotor agitation.

*Id.* Paragraph B in turn requires "[e]xtreme limitation of one, or marked limitation of two, of the following areas of mental functioning:"

    1.  Understand, remember, or apply information
    2.  Interact with others
    3.  Concentrate, persist, or maintain pace
    4.  Adapt or manage oneself.

*Id.*

  Listing 12.06 pertains to anxiety and obsessive-compulsive disorders "characterized by "excessive anxiety, worry, apprehension, and fear, or by avoidance of feelings, thoughts, activities, objects, places, or people." 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.06. To meet Listing 12.06, the claimant must satisfy the requirements listed in both paragraphs A and B of the regulation, or paragraph C. *See id.* In this case, Jones contends that she has met paragraphs A and B of Listing 12.06. Paragraph A requires medical documentation of one of the following:

  1. Anxiety disorder, characterized by three or more of the following;

    a.  Restlessness;
    b.  Easily fatigued;
    c.  Difficulty concentrating;
    d.  Irritability;
    e.  Muscle tension; or
    f.  Sleep disturbance.

  2. Panic disorder or agoraphobia, characterized by one or both:

    a.  Panic attacks followed by a persistent concern or worry about additional panic attacks or their consequences; or
    b.  Disproportionate fear or anxiety about at least two different situations (for example, using public transportation, being in a crowd, being in a line, being outside of your home, being in open spaces).

  3. Obsessive-compulsive disorder, characterized by one or both:

    a. Involuntary, time-consuming preoccupation with intrusive, unwanted thoughts; or
    b. Repetitive behaviors aimed at reducing anxiety.

*Id.* at 12.06. Paragraph B requires extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:

    1. Understand, remember, or apply information
    2. Interact with others
    3. Concentrate, persist, or maintain pace
    4. Adapt or manage oneself.

*Id.*

**C. Has Jones met her burden to prove she met the Listings?**

As noted, at Step 3, the burden remains on the plaintiff to establish that her impairment or combination of impairments meets an impairment enumerated in the Listing. *Muse*, 925 F.2d at 789. "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Id*. at 529-32.

The Court finds that Jones has failed to meet her burden to establish that her impairment met Listing 12.04 or 12.06 during the relevant time period of October 17, 2013, through January 12, 2016. Jones argues that "Paragraph A of both listings are satisfied by her persistent symptoms related to 'affective disorders,' documented as major depressive disorder, bipolar I disorder, PTSD, anxiety, psychosis, and schizophrenia." Dkt. No. 16 at 4. However, subpart A of Listing 12.04 requires the claimant to show that they meet *five* specific symptoms to demonstrate depressive disorder and *three* specific symptoms for bipolar disorder. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04. Jones has failed to explain in her briefing what specific elements of subpart A she has met for either disorder. Subpart A of Listing 12.06 also requires the claimant to show that she has bet

7

*three* specific elements to show that she suffers from an anxiety disorder. Once again, Jones fails to explain in her briefing how she has met subpart A of Listing 12.06. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.06.

Jones also fails to demonstrate that she satisfied Paragraph B of either Listing. As noted, Paragraph B of 12.04 and 12.06 require extreme limitation of one, or marked limitation of two, of the following areas of mental functioning: (1) understand, remember, or apply information; (2) Interact with others; (3) concentrate, persist, or maintain pace; or (4) adapt or manage oneself. The ALJ found that Plaintiff only had *moderate* restrictions or difficulties with daily life, social functioning, or ability to sustain focused attention and concentration for prolonged periods of time, and that there was no evidence that Plaintiff has experienced any episodes of decompensation which have been of extended duration. Tr. 215-216. Substantial evidence in the record supports the ALJ's findings. For example, while the evidence in the record shows that Jones was treated for depression and posttraumatic stress disorder, the evidence in the record revealed that she was capable of managing her personal care tasks (e.g., showering, dressing and combing her hair). Tr. 240, 517. In addition, the evidence shows that she can operate a motor vehicle, perform household chores such as cooking and is capable of managing her finances. Tr. 517.

The evidence further shows that she has not suffered any episodes of decompensation which have been of extended duration. When Jones took her medication and attended therapy, she reported relatively normal behavior in the subsection 'B" criteria. Joones testified at the hearing that when she takes her medication she sleeps well and it helps prevent her migraines. Tr. 244, 247. Conditions controllable with treatment are not disabling. *See Johnson v. Bowen*, 864 F.2d 340, 346 (5th Cir. 1988) (holding that substantial evidence supported finding that claimant was not disabled where

medical records showed that claimant responded to antidepressant medication and treatment); *Epps v. Harris*, 624 F.2d 1267, 1270 (5th Cir. 1980) (conditions controlled or controllable by treatment are not disabling).

The consultative psychological evaluation of Jones also showed that she did not meet the Listing 12.04 or 12.06. Jones underwent a consultative psychological examination performed by Dr. Ronnette Ballard on January 27, 2014. Tr. 515-519. Dr. Ballard commented that overall personal hygiene and grooming was adequate and that she was cooperative, attentive and interested throughout the evaluation. Tr. 515. Dr. Ballard noted her appearance, behavior and speech were all normal. Tr. 518. He further noted that there was no evidence of loose associations regarding her thought processes and her concentration, memory and judgment were adequate. Tr. 518-19. While Dr. Ballard diagnosed Jones with Bipolar I Disorder and episodes of PTSD, he determined that her prognosis is fair and that she would likely benefit from weekly psychotherapy. Tr. 519.

Jones also reported to Dr. Ballard that she had a history of abusive relationships which she felt contributed to her mental health problems. Tr. 516. In addition, Jones reported that she feels anxiety regarding her disabled adult son and that she experiences situational difficulties with family members. Situational depression that is not due to a mental impairment is insufficient to establish a disability. *See Mayes v. Astrue*, 2008 WL 5069750, *3 (5th Cir. 2008) (depression as consequence of anxiety regarding joblessness and health, indicating condition is likely situational and not psychological); *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987) (reports of emotional distress and depression due to inability to work are insufficient to meet the burden of proving non-exertional mental impairment); *Fraga v. Bowen*, 810 F.2d 1296, 1305 (5th Cir. 1987) ("Mere sensitivity about loss of ability to perform certain chores, however, does not even approach the level of a mental or

9

emotional impairment as defined by SSA regulations."); *McGehee v. Chater*, 1996 WL 197435 at *2 (5th Cir. 1996) (examples of situational depression are poor health, financial problems and marital discord).

In support of her claim that she met Listing 12.04 and 12.06, Jones relies on evidence after the relevant time period from October 17, 2013, through January 12, 2016. Evidence of medical conditions that became medically determinable after the date last insured must not be considered, and evidence establishing the degeneration of a condition after the expiration of a claimant's insured status is not relevant to the Commissioner's disability analysis. *See Dominguez v. Astrue*, 286 F. App'x 182, 185 (5th Cir. 2008); *Torres v. Shalala*, 48 F.3d 887, 894 n. 12 (5th Cir. 1995); *Fontenot v. U.S. Comm'r, Soc. Sec. Admin.*, 2017 WL 4084065, at *10 (W.D. La. Aug. 14, 2017). If Jones believes that evidence outside the relevant time period shows a deterioration of her condition she is free to reapply for disability benefits on the basis of this new evidence. *See Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985).

Based upon the foregoing, the Court finds that Jones has failed to meet her burden to establish that her impairment met Listing 12.04 or 12.06 during the relevant time period of October 17, 2013 through January 12, 2016. The Court further notes that courts cannot "reweigh the evidence or substitute our judgment" for that of the ALJ. *Whitehead v. Colvin*, 820 F.3d 776, 782 (5th Cir. 2016). Because substantial evidence supports the ALJ's decision and Jones failed to satisfy her step-three burden, the Court **AFFIRMS** the ALJ's decision in this case.

### IV. Conclusion

In summary, the Court finds that the ALJ applied the proper legal standards to Jones' case, and that her findings are supported by substantial evidence in the record. The decision of the Commissioner of the Social Security Administration is therefore **AFFIRMED**.

SIGNED this 12th day of September, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE